CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nehemiah Kong,** | **Case No**. 2:18-cv-02790-R-MRW |
| Plaintiff, | |
| v. | |
| **Ernest Montel Miner**, in individual and representative capacity as trustee of the Miner Family Trust dated February 8, 1990; **Marie M. Miner**, in individual and representative capacity as trustee of the Miner Family Trust dated February 8, 1990; and Does 1-10, | **Plaintiff's Case Statement** |
| Defendants. | |

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed July 12, 2018, the plaintiff submits his Plaintiff's Case Statement.

**A.   Itemized List**

The specific conditions at the site that forms the basis of this lawsuit are

the lack of level parking and insufficient number of accessible parking space at the dentist ("Dentist") located in Chatsworth, California.

- Insufficient Handicap Parking:
  - ❖ Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. According to the 1991 Standards, if a parking lot has 29 spaces, it must have 2 accessible parking spaces. 1991 Standards § 4.1.2(5)(a). Under the 2010 Standards, a parking lot with 29 spaces must have 2 accessible spaces. 2010 Standards § 208.2 and 1 of them must be van accessible. Id. At 208.2.4.
  - ❖ Here, there was only one parking space marked and reserved for persons with disabilities.

- Level Parking:
  - ❖ Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.3. Here, the access aisle is not level and has a ramp taking up part of the access aisle. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.
  - ❖ Here, the failure to provide level parking is a violation of the law.

❖ See imbedded photo depicting the above.



*Note*: As stated in the Complaint, given the obvious and blatant violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. See *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Thus, settlement must address this holistic remediation.

**B.      Amount of Damages**

Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment. Cal. Civ. Code § 52(a); 54.3(a). "The statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000). The penalty assessment can be "no less than $4,000" under the Unruh Civil Rights Act (Cal. Civ. § 52(a)) and no less than $1,000 under the California Disabled Persons Act (Cal. Civ. § 54.3(a)).

The Unruh Civil Rights Acts provides for minimum statutory penalties of $4,000 plus actual damages for each offense against each responsible entity, as well as $4,000 as he has been deterred from returning.

**C.      Demand for Settlement of Case**

First, to provide for level parking and sufficient number of accessible parking space at the dentist.

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in state or federal court.

Lastly, to settle this matter globally at mediation, that Defendants pay $8,000 in total monetary consideration and submit to the court as to reasonable attorney's fees and costs as provided by both the ADA and Unruh.

Dated: July 25, 2018              CENTER FOR DISABILITY ACCESS

                                            By: */s/ Dennis Price*_____
                                            Dennis Price, Esq.
                                            Attorney for Plaintiff