CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

LAW OFFICE OF MASAI MCDOUGALL
MASAI McDOUGALL (SBN 305031)
Masaimcd@masailaw.com
100 W Broadway, Suite 3000
Long Beach, California 90802
Phone: (562) 731-0309
Facsimile: (562) 684-4520

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nehemiah Kong**, <br> Plaintiff, <br> v. <br> **Ernest Montel Miner**, in individual and representative capacity as trustee of the Miner Family Trust dated February 8, 1990; **Marie M. Miner,** in individual and representative capacity as trustee of the Miner Family Trust dated February 8, 1990; and Does 1-10, <br> Defendants. | Case No. 2:18-cv-02790-R-MRW <br><br> **Joint Report (Rule 26) for Scheduling Conference** <br><br> Honorable Judge Manuel L. Real |

PURSUANT TO Rule 26 of the Federal Rules of Civil Procedure and having met and conferred through their respective attorneys of record

personally on July 26, 2018, the parties submit their within Joint Rule 26 Report.

**I.   Brief Factual Summary of the Case and Claims Being Asserted**

<u>Plaintiff</u>: Nehemiah Kong is a paraplegic who suffers from polio and who uses a wheelchair for mobility. Defendants Ernest Montel Miner and Marie M. Miner, in their individual and representative capacities as trustees of the Miner Family Trust dated February 8, 1990, own the real property located at or about 10242 Canoga Avenue, Chatsworth, California. In March of 2018, Plaintiff visited the Dentist Office ("Dentist") located at that address.

During Plaintiff's visit to the subject property in this case, there was an insufficient number of accessible parking spaces and a lack of level parking. There was only one space marked and reserved for disabled parking, and the parking stall and access aisle were not level with each other because there is a built up curb ramp running into the parking space with slopes greater than 2.1%.

The defendant's failure to provide for sufficient number of accessible parking space and lack of level parking is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act and therefore, he seeks injunctive relief and the statutory minimum damage award under the Unruh Civil Rights Act.

Given the obvious and blatant nature of the barriers and violations in this case, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site,

he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

<u>Defendants</u>: Defendant Ernest Montel Miner is deceased, and his wife, Marie Miner is ninety years old. Each Defendant has also been named in their capacity as a Trustee of the Miner Family Trust, established in 1990.

Defendants transferred their interest in the 10242 Canoga Ave. (the "Subject Property") to a third party in or about April of 2016, and have had no involvement in the management of the Subject Property since that time. All responsibility and authority for upkeep and construction on the Subject Property was transferred to this third party, and the Miners, and their Family Trust, deny all liability for any of the allegations contained in Plaintiff's Complaint.

Defendants also dispute Plaintiff's allegation that: 1) there was an insufficient number of parking spaces specially marked for disabled people; and 2) the ramp leading from the parking lot to the access aisle made it inaccessible; and 3) that the ramp had a slope greater than that allowed by applicable law or regulation. As such, Defendants deny, based on their information and belief, that there was any violation cognizable under the ADA or the Unruh Civil Rights Act.

**II.   Complexity**

This case is not complex. There is no need for reference to the procedures set forth in the Manual for Complex Litigation.

**III.   Motions Schedule**

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will occur after the necessary depositions are taken in this case.

<u>Defendants</u>: Because Defendants are informed and believe that the Subject Property was either in full compliance or has been brought into full compliance after this lawsuit was filed, they plan to move for partial summary judgment on the grounds that the case is moot, given that all ADA violations alleged no longer exist. This will occur after Defendants have produced the report of a Certified Accessibility Specialist ("CASp") expert who has inspected the property and determined that it complies with applicable law and regulations.

## IV.   Settlement

The parties believe that settlement is likely in this case. The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

## V.   Trial Estimate

<u>Plaintiff</u>: anticipates a 2-3 day bench trial. Plaintiff proposes that the Final Pretrial Conference be set for September 23, 2019 and the Trial date be set for October 8, 2019.

<u>Defendants</u>: Defendants anticipate a 1-2 day bench trial, and proposes that the Final Pretrial Conference be set for February 19, 2019 and the Trial Date set for March 4, 2019.

## VI.   Additional Parties

<u>Plaintiff</u>: does not anticipates joining any additional parties.

<u>Defendants</u>: Defendants anticipate that they will move to join the owner of the Subject Property, Castleman Investments, LLC.

**VII.   Expert Witnesses**

The parties do not propose any changes to the timing requirements found under Rule 26(a)(2)(D)&(E) of the Federal Rules of Civil Procedure for the disclosure of expert witnesses.

**RULE 26 DISCOVERY PLAN**

**A.   Initial Disclosures**

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by August 2, 2018.

**B.   Discovery**

<u>Plaintiff</u>: intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of sufficient number of accessible parking space and lack of level parking (3) changes or modifications to the property; and (4) the feasibility of providing access to persons with disabilities. The plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendant</u>: intends to seek discovery related to: (1) the extent and nature of Plaintiff's disability; (2) Plaintiff's understanding of the violations alleged in his Complaint; and (3) the extent and nature of Plaintiff's damages alleged in the Complaint. Defendants intend to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents, to conduct an expert site inspection, and to take the deposition of Plaintiff and any expert witnesses that may be designated.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. Plaintiff proposes a discovery cut-off date of July 15, 2019.  Defendants propose a discovery cut-off date of December 10, 2018.

**C.     Electronic Discovery**

<u>Plaintiff</u> hereby requests that, as part of initial disclosures, Defendant produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendants have an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

<u>Defendants</u>: Defendants will object to such discovery and seek a protective order in the event it is sought to the extent any such footage is under their possession or control, as it is unduly burdensome to collect, and cumulative of other evidence already available in this case. Defendants do not expect other issues regarding electronic discovery.

**D.     Privilege Issues**

The parties do not see any issues regarding privilege in this case at this time.

**E.     Changes to Discovery Rules**

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for all parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendants</u>: Defendant objects to the increase in the number of Interrogatories from 25 to 45, as the Case is not complex, and there is no need

demonstrated for any greater amount of Interrogatories than that contemplated by the Federal Rules.

**F.  Other Orders**

The parties do not propose that the Court issue any other orders under Rules 16(b), 16(c) or 26(c) of the Federal Rules of Civil Procedure. The parties propose the following case management dates:

| **Matter** | **Plaintiff Proposes** | **Defendant Proposes** |
|---|---|---|
| Last day to Amend Pleadings or Add Parties | 4/15/2019 | 9/11/2018 |
| Initial Expert Disclosure | 6/3/2019 | 10/16/2019 |
| Rebuttal Expert Disclosure | 7/1/2019 | 11/16/2018 |
| Discovery Cut Off Date (including experts) | 7/15/2019 | 12/10/2018 |
| Last day to conduct settlement conference | 7/29/2019 | 12/21/2018 |
| Pretrial Conference | 9/23/2019 | 2/19/2019 |
| Trial | 10/8/2019 | 3/5/2019 |

| | | |
|---|---|---|
| Dated: August 8, 2018 | | CENTER FOR DISABILITY ACCESS |

By: */s/Dennis Price*
Dennis Price
Attorney for Plaintiff

Dated: August 8, 2018    LAW OFFICE OF MASAI McDOUGALL

By: */s/ Masai McDougall*
Masai McDougall
Attorney for Defendants

## **SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: August 8, 2018                    CENTER FOR DISABILITY ACCESS

By: */s/Dennis Price*
Dennis Price
Attorney for Plaintiff

# EXHIBIT A
# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Plaintiff Requests | Defendant Requests |
|---|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 4/15/2019 | 9/11/2018 |
| Non-Expert Discovery Cut-Off | 15 | 6/24/2019 | 11/19/2019 |
| Expert Discovery Cut-Off | 12 | 7/15/2019 | 12/10/2018 |
| Last Day to Conduct Settlement Proceedings | 10 | 7/29/2019 | 12/21/2018 |
| Last Day for Law and Motion Hearings | 8 | 8/12/2019 | 1/7/2019 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 9/23/2019 | 2/19/2019 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 9/30/2019 | 2/26/19 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 10/4/2019 | 3/1/2019 |
| Trial **(Tuesday at 9:00 a.m.)** | | 10/8/2019 | 3/5/2019 |